Territory of ⎫   Supreme court Dec Term 1828
Michigan  ⎬

| | |
|---|---|
| *Washington Jackson vs* <br> *John E. Schwarz* | Motion to set aside a nonsuit, on a case reserved by his Honor Judge Chipman, holding the Circuit Court of the County of Wayne at the June Term of said Court A D. 1828. |

    This case was called for trial at the June Term of the Circuit Court 1828, on a transcript from the Supreme Court;— the suit was instituted on two notes dated October 7. 1822 one for $2103.42, the other for $1678.61, both signed by said Defendant, and both payable to the order of G. W. F. Schilpp Four months after date, and by Schilpp endorsed to the Plaintiff. The notes were set out in the declaration in the usual manner, the declaration also contains all the common money counts, as appears by the original now on file in the Supreme Court, a correct copy and transcript of which was sent down, reference being made to said declaration, on file as making a part of this case. On the trial the plaintiff produced the notes set out in the declaration and proved the signature of Schwarz, and offered to give said notes in evidence to the jury; it was objected on the part of the Defendant, that the endorsement by Schilpp must be proved before the notes would be permitted to be given in evidence; which objection was sustained by the Court.

    The Plaintiff (having first proved the signature of Schwarz thereto) then offered in evidence a paper, a correct copy of which is hereunto annexed Marked A, for the purpose of proving the endorsement of Schilpp, this was objected to on the part of the Defendant, and it was decided by the Court, that such paper was not competent evidence, for that purpose, upon the proof of the signature of Schwarz alone and refused to permit it to be given to the jury; The Plaintiff then offered said paper in evidence under the Common counts in the Declaration; This was also overruled by the court: The Plaintiff then gave in evidence to the jury a paper a correct copy of which is hereunto annexed, marked B. E. Farnsworth was sworn as a witness on the part of the Plaintiff who proved that said last mentioned paper was written by said Defendant, in relation to the debt for which this suit was brought, and no other. The Defendant then moved the court for a Judgment of nonsuit; which motion was granted by the court; saving however and reserving for the decision of the supreme Court the questions made in the case; and if the testimony as above mentioned and set forth, was improperly excluded, or the nonsuit improperly granted, the nonsuit to be set aside; otherwise to stand.—

HENRY CHIPMAN

"A"

    Washington Jackson has this day taken up two notes at Bank, drawn by J. E. Schwarz favor of F. Schlipp—dated Oct. 7th 1822 at four Months after date, one for sixteen hundred and seventy eight Dollars and sixty cents; the other for Twenty one hundred and three Dollars forty two cents,— this is therefore to acknowledge that the same is still due to said W. Jackson & that no advantage will be taken by

413

either of us in consequence of the said notes not being regularly protested; but that we are equally bound for the same as if it had been done.—

J. E. Schwarz      G. W. F. Schilpp

Philad$^a$ Feb$^y$ 10. 1823                "B"

Detroit Aug$^{st}$ 17th 1826

A. G. Whitney Esq.
    Present—
        Dear Sir,
            According to your request that I should communicate to you in writing what amount I would be able to pay to Mr. Washington Jackson and in what time & how secured, I herewith beg leave to state, that after having had several interviews with Mr. Jackson when I last was at Philad$^a$ & after making a due acknowledgement to him for some expressions written by me under the first impulse of the moment, he was kind enough to propose to give any time provided I would secure to him ¾ of the amount of the original debt, by good & sufficient indorsers, which being passed my capability to perform, I proposed to Mr. Jackson to pay him Dolls 2.100 in 3 equal instalments namely of 700 $ a year, but as I could not succeed to get indorsers at Philad$^a$ such as I wished to procure partly on account of my so embarrassed circumstances, & partly on account of my leaving Philad$^a$ altogether for this Territory, I requested Mr. Jackson to extend his lenity until my arrival here, when I would endeavor to obtain either satisfactory indorsers in this City, or endeavor to get & give security by Mortgage, and in consequence of which I asked Mr. Jackson to give me a letter to you Sir, to that effect, which he promised to send by mail, and of all of which I have already informed you verbally on my arrival.

As I now understand of your having received that Letter, I only beg to remark that it must have escaped the recollection of Mr Jackson that I remarked at the time that I could not in Justice to my yet remaining creditors pay or secure to him ¾ of the debt & still less with interest, but if Mr. Jackson would be pleased to accept my offer made at Philad$^a$ namely to pay 700 $ per annum in 3. successive annual payments without interest, that I then will give you the best personal security this city can afford & such as you shall point out & approve, or if you should prefer by a mortgage on any property I possess & to convince Mr. Jackson of my eagerness as well as earnestness to pay him that sum positively it should be stipulated that if payment is not made 90 days after each payment becomes due, the mortgage may be forthwith foreclosed.  Trusting that you yourself will perceive that this offer is by the little business I do and the few or no means I possess as much as I honestly can promise without again failing in fulfilling those promises, I therefore beg of you to write to Mr. Jackson & request to grant me that favor before the next sitting of the court.

Yours very Respectfully
J. E. Schwarz

P.S.  If Mr. Jackson should accept the above proposal I will give personal security to his satisfaction to secure the three payments of $700 each annually